**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39947**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 546** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: June 21, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **RICARDO A. JIMISON,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County. Hon. Michael R. McLaughlin, District Judge.

Appeal from order denying Idaho Criminal Rule 35 motion to correct an illegal/improper sentence, <u>dismissed without prejudice</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Ricardo A. Jimison pled guilty to fraudulent use of a financial transaction card, Idaho Code §§ 18-3124, 18-3128(3). Following his release pending sentencing, Jimison failed to appear at his sentencing hearing and the court issued a bench warrant for his arrest. Jimison states that he was eventually arrested in Elko, Nevada and taken into custody on October 29, 2008, where he was in custody solely on the bench warrant until December 3, 2008, when he was released. At sentencing, the district court sentenced Jimison to a unified term of five years, with two years determinate, and retained jurisdiction. After a period of retained jurisdiction, the court relinquished jurisdiction upon the Department of Correction's recommendation. In doing so, the

1

court granted Jimison credit for time served in the amount of 338 days and sua sponte reduced Jimison's sentence to a unified term of five years, with one and one-half years determinate.

Two years after the court relinquished jurisdiction, Jimison filed a motion for credit for time served. He claimed that he had not received credit for the time he was held on the bench warrant from October 29, 2008, to December 3, 2008, totaling thirty-six days. The district court never ruled on the motion. Jimison then filed a motion to correct an illegal/improper sentence under Idaho Criminal Rule 35, where, inter alia, he again requested credit for the time he served between the above dates.[1] The district court, however, did not rule on Jimison's claim of credit for time served, having only addressed one other claim in its order denying the motion. Jimison appeals from the district court's order denying his motion to correct and illegal/improper sentence, specifically challenging the district court's "implied" denial of credit for time served.

Jimison has not shown an adverse ruling on his claim for credit for time served. It is well settled that in order for an issue to be raised on appeal, the record must reveal an adverse ruling that forms the basis for assignment of error. *State v. Huntsman*, 146 Idaho 580, 585, 199 P.3d 155, 160 (Ct. App. 2008). Jimison seems to argue that there was an "implied" denial of his claim because the court refused to rule on, or discuss, the issue. We have, however, rejected the idea of an "implied" denial of a motion. *Id*. Where a district court has not ruled on an issue, it is not ripe for review and should be dismissed. *See State v. Barrett*, 138 Idaho 290, 295, 62 P.3d 214, 219 (Ct. App. 2003). Because the district court never ruled on Jimison's request for credit for time served, there is no adverse ruling against Jimison on that claim to form the basis of an appeal. Therefore, this appeal is dismissed without prejudice.

---

[1] Jimison did not present this claim in the body of his motion; he only mentioned the claim in his prayer for relief. His motion addressed a claim that his sentence was illegal and amounted to cruel and unusual punishment because he had a traumatic brain injury.